UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **JUNE D. LYNCH,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) CASE NO. 2:11-CV-1356-SLB |
| | ) |
| **UNITED STATES POSTAL SERVICE;** | ) |
| **PATRICK R. DONAHOE; MORGAN** | ) |
| **TAYLOR; NATIONAL RURAL** | ) |
| **LETTER CARRIERS' ASSOCIATION;** | ) |
| **JOEY C. JOHNSON,** | ) |
| | ) |
| **Defendants.** | ) |

## MEMORANDUM OPINION

This case is presently pending before the court on the Motion to Dismiss filed by Defendants National Rural Letter Carriers' Association and Joey C. Johnson. (Doc. 6.)[1] Plaintiff June D. Lynch has sued her former union, National Rural Letter Carriers' Association ["NRLCA"] and union representative Johnson, alleging that defendants failed to adequately represent her during the grievance procedures under the collective bargaining agreement ["CBA"] with plaintiff's former employer, the United States Postal Service ["USPS"]. Defendants NRLCA and Johnson have moved to dismiss plaintiff's claims against them on the ground that her claims are time-barred and/or Johnson cannot be sued in his individual capacity. Upon consideration of the record, the submissions of the parties,

---

[1]Reference to a document number, ["Doc. ___"], refers to the number assigned to each document as it is filed in the court's record.

and the relevant law, the court is of the opinion that defendants' Motion to Dismiss, (doc. 6), is due to be granted.

## I. MOTION TO DISMISS STANDARD

Defendants have moved to dismiss the Complaint for failure to state a claim upon which relief can be granted. The purpose of such a motion, authorized by Rule 12(b)(6) of the Federal Rules of Civil Procedure, is to test the facial sufficiency of the plaintiff's statement of a claim for relief. *Brooks v. Blue Cross and Blue Shield of Florida, Inc.*, 116 F.3d 1364, 1367 (11th Cir. 1997). "Fed. R. Civ. P. 8(a)(2) requires that a pleading contain a short and plain statement of the claim showing that the pleader is entitled to relief in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *American Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1288 (11th Cir. 2010)(internal citations and quotations omitted). The allegations in the Complaint are accepted as true and are construed in the light most favorable to plaintiff. *Ironworkers Local Union 68 v. AstraZeneca Pharmaceuticals, LP*, 634 F.3d 1352, 1359 (11th Cir. 2011)(quoting *Am. Dental Ass'n*, 605 F.3d at 1288). "[T]he complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id*. (quoting *Am. Dental Ass'n*, 605 F.3d at 1289 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)))(internal quotations omitted). However, "courts are not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986))(internal quotations omitted); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1950 (2009)("Rule 8 marks a notable and generous

departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions."). Also, the court does not assume that plaintiff can prove facts she has not alleged or that defendants have violated the law in ways that have not been alleged. *Id.* at 563 n.8 (citing *Associated Gen. Contractors of Cal., Inc. v. Carpenters*, 459 U.S. 519, 526 (1983)).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of [her] entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555 (citations, brackets, and internal quotation marks omitted). "Factual allegations must be enough to raise a right to relief above the speculative level . . . ." *Id.* Thus, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face,'" *i.e.*, that is to "allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 555). "[W]hile notice pleading may not require that the pleader allege a 'specific fact' to cover every element or allege 'with precision' each element of a claim, it is still necessary that a complaint 'contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory.'" *Roe v. Aware Woman Ctr. for Choice, Inc.*, 253 F.3d 678,

683 (11th Cir. 2001) (quoting *In re Plywood Antitrust Litig.*, 655 F.2d 627, 641 (5th Cir. Unit A Sept. 8, 1981)).[2]

Defendants the NRLCA and Johnson contend that plaintiff's claim against them is time barred. "A Rule 12(b)(6) dismissal on statute of limitations grounds is appropriate only if it is apparent from the face of the complaint that the claim is time-barred. *Brotherhood of Locomotive Engineers and Trainmen General Committee of Adjustment CSX Transp. Northern Lines v. CSX Transp., Inc.*, 522 F.3d 1190, 1194 (11th Cir. 2008)(quoting *Tello v. Dean Witter Reynolds, Inc.*, 410 F.3d 1275, 1288 (11th Cir. 2005))(internal quotations omitted).

## II.  STATEMENT OF FACTS

In her Complaint, plaintiff alleges the following:

> 11.  On April 26, 1997, plaintiff was employed with the United States Postal Service (USPS) until her wrongful termination on June 13, 2009.
>
> 12.  On April 20, 2009, the plaintiff was wrongfully accused of removing Kohl's coupon from UBBM mail which is a violation of Employee and Labor Relations Manual (ELM).
>
> 13.  Plaintiff was interviewed regarding the accusation and was told what to write and sign in regards to the interview.
>
> 14.  Plaintiff's car was searched for the Kohl's coupons; however, the coupons were not found[.]
>
> 15.  Plaintiff was suspended without pay on April 20, 2009.

---

[2]The decisions of the former Fifth Circuit handed down before October 1, 1981 are binding in the Eleventh Circuit. *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc).

  16. Plaintiff was not properly given an Investigation Interview for her suspension.

  . . .

  20. Plaintiff timely filed a grievance with the National Rural Letter Carriers' Association (NRLCA).

  . . .

  23. Union representative Joey C. Johnson breached his duty to Plaintiff on May 21, 2010 by withdrawing her grievance against the employer without her consent, concurrence, or reasonable or adequate grounds, breaching his fiduciary duty under the union contract to protect her employment status and seniority, and contributing to her wrongful discharge.

  24. Joey C. Johnson failed to adequately investigate the emergency suspension and withdrew the Plaintiff's grievance, in spite of repeated requests not to by the Plaintiff, as well as requests by union Steward Chichita Carmichael which specifically point out the procedurally defective process by which the emergency suspension and eventual firing took place.

  25. The USPS supervisor Morgan Taylor terminated June Lynch on May 13, 2009 based on the false accusations of her possession of Fourteen (14) Ten Dollar ($10.00) Kohl's Gift Cards which did not take place.

(Doc. 1 ¶¶ 11-16, 20, 23-25.)

Plaintiff filed the instant action on April 20, 2011. Her Civil Cover Sheet states that her claims are based on "Sec. 301 of the LMRA, 29 U.S.C. 185, 5 U.S.C. 7114," and describes her cause of action as wrongful termination in violation of union contract, failure of union to properly defend." In the Complaint, plaintiff alleges the NRLCA and Johnson breached their fiduciary duty to represent her in her grievance against the USPS. (Doc. 1 ¶¶ 21-24.) She also alleges that the USPS breached the CBA. (*Id*. ¶¶ 17-18.)

5

### III. DISCUSSION

Defendants the NRLCA and Johnson have moved to dismiss plaintiff's claims against them on the ground that her claims are untimely. A hybrid § 301/fair representation claim has a six-month statute of limitations. *Coppage v. U.S. Postal Service*, 281 F.3d 1200, 1204 (11th Cir. 2002)(citing *DelCostello v. Int'l Brotherhood of Teamsters*, 462 U.S. 151, 169-71 (1983)). A hybrid § 301/fair representation claim "'comprises two causes of action.' The first cause of action involved is against the employer for breach of the collective bargaining agreement. . . . The second claim is against the union for breach of the union's duty of fair representation." *Id*. (quoting and citing *DelCostello*, 462 U.S. at 164; citing 29 U.S.C. § 301)(internal citations omitted). The six-month period begins to run on "the date [she] knew or should have known of the Union's final action or the [Postal Service's] final action, whichever is later." *Id*. at (quoting *Adams v. United Paperworkers Int'l*, 189 F.3d 1321, 1322 (11th Cir. 1999)). The Union's "'final action' is the point at which 'the grievance procedure was exhausted or otherwise [broken] down to the employee's disadvantage.'" *Id*. (quoting *Proudfoot v. Seafarer's Int'l Union*, 779 F.2d 1558, 1559 (11th Cir. 1986)).

In this case, the Union's final action was withdrawing her grievance on May 21, 2010. (Doc. 1 ¶ 23.) This action was filed eleven months later, on April 20, 2011. (*Id*. at 1.) The court finds that the face of plaintiff's Complaint shows that it was filed more than six months after the NLRCA's final action. Therefore, plaintiff's fair representation claim against the NLRCA and Johnson is time barred and will be dismissed.

Plaintiff contends that the facts support other, timely claims against the NRLCA and Johnson, such as "Breach of Contract, Breach of Fiduciary Duty, Denial of Equal Protection under the 14th Amendment to the United States Constitution, and Denial of Due Process under the 5th Amendment to the United States Constitution." (Doc. 13 at 1, 14.) However, these claims are not asserted against the NRLCA and Johnson. Plaintiff's Complaint alleges:

> 17. USPS breached the collective bargaining agreement and her employment contract by firing her without just cause.
>
> 18. USPS breached the collective bargaining agreement by failing to follow the appropriate discipline which should be issued to a rural carrier craft employee for offenses that warrant progressive discipline which all employees should receive: letter of warning, seven-day suspension, fourteen-day suspension, and removal.
>
> 19. Similarly[-]situated USPS employees who were actually found to be in possession of UBBM mail were not placed on unpaid administrative leave, were not fired, and were allowed to resign or retire with full benefits accrued and no adverse job action listed in their employment history. Lynch was not treated the same and was denied Equal Protection under the 14th Amendment to the U.S. Constitution and Due [P]rocess under the 5th Amendment to the U.S. Constitution.
>
> 20. Plaintiff filed a grievance with the [NRLCA].
>
> 21. The NRLCA handled the Plaintiff's grievance in an arbitrary, incompetent manner, and in bad faith.
>
> 22. The Union representatives acted in bad faith arbitrarily failed their fiduciary duty to strongly advocate the Plaintiffs position and defend her rights to continue employment where there was no credible evidence of any wrongdoing on her part.
>
> 23. Union representative Joey C. Johnson breached his duty to Plaintiff on May 21, 2010 by withdrawing her grievance against the employer without her consent, concurrence, or reasonable or adequate grounds, breaching his

fiduciary duty under the union contract to protect her employment status and seniority, and contributing to her wrongful discharge.

24. Joey C. Johnson failed to adequately investigate the emergency suspension and withdrew the Plaintiff's grievance, in spite of repeated requests not to by the Plaintiff, as well as requests by union Steward Chichita Carmichael which specifically point out the procedurally defective process by which the emergency suspension and eventual firing took place.

25. The USPS supervisor Morgan Taylor terminated June Lynch on May 13, 2009 based on the false accusations of her possession of Fourteen (14) Ten Dollar ($10.00) Kohl's Gift Cards which did not take place.

26. The second charge of Morgan Taylor that was his justification for the termination of June Lynch was also untrue in that no undelivered mail was retrieved from the privately owned vehicle of the Plaintiff as alleged in her notice of removal letter dated May 13, 2009.

27. That defendants actions were both arbitrary and in bad faith and resulted in the intentional infliction of emotional distress on the Plaintiff.

(Doc. 1 ¶¶ 17-27.)  Clearly, the only claims asserted against the NRLCA and Johnson are for breach of the duty of fair representation.  As set forth above, such a claim must be filed within six-months of the Union's final action.

If the court dismisses a Complaint based on a failure to plead a cause of action, the court should allow the plaintiff to replead unless it would be futile.  *Sibley v. Lando*, 437 F.3d 1067, 1073 (11th Cir. 2005)("[A] district court may dismiss [a complaint without leave to amend] when such amendment would be futile.  We have found that denial of leave to amend is justified by futility when the complaint as amended is still subject to dismissal.")(internal citations and quotations omitted).  The court notes that any attempt to

replead the state-law claims and the constitutional tort claims against the NRLCA and Johnson is futile.

The state-law breach of contract and breach of fiduciary duty claims are preempted. *See United Steelworkers of America, AFL-CIO-CLC v. Rawson*, 495 U.S. 362, 368-69 (1990). "If the state-law claim either arises out of a CBA or is dependent upon the meaning of a CBA, 'the application of state law (which might lead to inconsistent results since there could be as many state-law principles as there are States) is pre-empted and federal labor-law principles – necessarily uniform throughout the Nation – must be employed to resolve the dispute.'" *Atwater v. National Football League Players Ass'n*, 626 F.3d 1170, 1177 (11th Cir. 2010)(quoting *Lingle v. Norge Div. of Magic Chef, Inc.*, 486 U.S. 399, 406 (1988)). "Because the nature and scope of any duty of the [NRLCA and Johnson] is . . . determined by reference to the collective bargaining agreement, § 301 rather than state law governs the plaintiff's claims. *Clarke v. Laborers' Intern. Union of North America, AFL-CIO*, 916 F.2d 1539, 1542 (11th Cir. 1990)(citations omitted). And, as set forth above, plaintiff's fair-representation claim is time-barred.

Therefore, plaintiff has no claims based on state-law breach of contract and state-law breach of fiduciary duty theories. Any leave to file such claims would be futile.

Plaintiff also asserts that she has claims against the NRLCA and Johnson based on the Equal Protection Clause of the Fourteenth Amendment and the Due Process Clause of the Fifth Amendment. The NRLCA and Johnson are private parties and not state actors or federal officials with regard to the union's activities. Therefore, they are not subject to

9

constitutional tort actions under 42 U.S.C. § 1983 and/or *Bivens*.[3]  *Lugar v. Edmondson Oil Co., Inc.*, 457 U.S. 922, 936, 937 (1982)("As a matter of substantive constitutional law the state-action requirement reflects judicial recognition of the fact that 'most rights secured by the Constitution are protected only against infringement by governments,' *Flagg Brothers* [*v. Brooks*], 436 U.S. [149,] 156 [(1978)];" therefore, the Supreme Court has "insisted that the conduct allegedly causing the deprivation of a federal right be fairly attributable to the State.")(parallel citations omitted); *Alba v. Montford*, 517 F.3d 1249, 1253 (11th Cir. 2008)("[T]he goal of *Bivens* was to deter '*individual federal officers* from committing constitutional violations;'" therefore, "inferring a constitutional tort remedy against a private entity . . . is . . . foreclosed.")(quoting *Correctional Services Corp. v. Malesko*, 534 U.S. 61, 70, 71 (2001))(emphasis in *Alba*).  Plaintiff's Complaint does not support a finding that the NRLCA and/or Johnson acted on behalf of the State or the USPS.  Therefore, plaintiff does not have a constitutional tort based on the Fifth Amendment or the Fourteenth Amendment against these defendants and any amendment to add such a claim would be futile.

---

[3]*Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).

## CONCLUSION

For the foregoing reasons, the court is of the opinion that plaintiff's fair representation claim against the NRLCA and Johnson is time-barred and due to be dismissed. An Order granting defendants' Motion to Dismiss and dismissing plaintiff's Complaint against these defendants will be entered contemporaneously with this Memorandum Opinion.

**DONE**, this 29th day of November, 2011.

*Sharon Lovelace Blackburn*
SHARON LOVELACE BLACKBURN
CHIEF UNITED STATES DISTRICT JUDGE